UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK E. KRAMER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-cv-1756-CAS |
| | ) |
| LARRY CRAWFORD, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon its own motion. On June 16, 2017, petitioner Mark E. Kramer filed a petition for writ of habeas corpus in this Court. In an order dated August 25, 2017, this Court noted that the petition contained nothing tending to show that petitioner was entitled to relief under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241, and directed petitioner to show cause why the petition should not be dismissed. In that order, petitioner was cautioned that his failure to timely comply would result in the dismissal of his case without prejudice and without further notice. Petitioner's response to the Court was due on September 15, 2017. To date, he has neither responded to the Court's order, nor sought additional time to do so.

After careful consideration, the Court concludes that the petition contains nothing tending to show that petitioner is entitled to relief under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. The Court will therefore summarily dismiss it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires this Court to summarily dismiss a habeas corpus petition if it plainly appears the petitioner is not entitled to relief.[1]

---

1 Rule 1(a) of The Rules Governing Section 2254 Cases in the United States District Courts states that the rules apply to cases involving a Petition under § 2254. Rule 1(b) provides that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because petitioner has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of September, 2017.